## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR M. DELAO | * | |
| 1902 Valley Stream Drive | * | |
| Rockville, MD 20851 | * | |
| | * | |
| FRANCISCO GONZALEZ | * | |
| 13206 Twinbrook Parkway, Apt. 304 | * | |
| Rockville, MD 20851 | * | |
| | * | |
| PLAINTIFFS, | * | |
| | * | |
| v. | * | Case No.: 8:19-cv-3538 |
| | * | |
| BOB'S SHANGHAI 66 BISTRO INC. | * | |
| 305 North Washington Street | * | |
| Rockville, MD 20850 | * | |
| | * | |
| Serve: Bob S. Liu | * | |
| 9704 Sunset Drive | * | |
| Rockville, MD 20850 | * | |
| | * | |
| BOB'S NOODLE BISTRO, INC. | * | |
| 305 North Washington Street | * | |
| Rockville, MD 20850 | * | |
| | * | |
| Serve: Bob S. Liu | * | |
| 9704 Sunset Drive | * | |
| Rockville, MD 20850 | * | |
| | * | |
| BOB S. LIU a/k/a SHEN-TEN LIU | * | |
| 9704 Sunset Drive | * | |
| Rockville, MD 20850 | * | |
| | * | |
| DEFENDANTS. | * | |

************************************************************************

## COMPLAINT

## I.   INTRODUCTION

1.    The plaintiffs, Victor M. Delao ("Delao") and Francisco Gonzalez ("Gonzalez")

(collectively, "Plaintiffs"), by and through undersigned counsel, submit this Complaint against

the defendants, Bob's Shanghai 66 Bistro Inc. ("Bob's Shanghai"), Bob's Noodle Bistro, Inc.

("Bob's Noodle"), and Bob S. Liu a/k/a Shen-Ten Liu ("Liu") (collectively, "Defendants") to

recover damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., the

Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*,

Montgomery County Minimum Wage Law ("MCMWL"), Montgomery Cnty. Code §§27-67, *et*

*seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab.

& Empl. §§ 3-501, *et seq.*

## II.    JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28

U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part

of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Maryland pursuant to 28 U.S.C. §1391(b)

because a substantial part of the events giving rise to this claim occurred within this judicial

district.

## III.   THE PARTIES

4.      Plaintiffs are adult residents of Maryland.

5.      Defendant Bob's Noodle is a Maryland corporation.  At all relevant times until

around April 25, 2017, Bob's Noodle operated a restaurant known as Bob's Shanghai 66, located

at 305 North Washington Street, Rockville, Maryland ("Restaurant").

6.      Defendant Bob's Shanghai is a Maryland corporation, which operated the

Restaurant at all relevant times since around April 25, 2017.

7.      Defendant Liu is an adult resident of Maryland and the principal of defendants

Bob's Noodle and Bob's Shanghai.  Liu participated directly in employment decisions regarding Plaintiffs' rights for which they seek redress in this case at all relevant times.

8.     Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. §203(e)(1), Montgomery Cnty. Code §27-67(b) and Maryland law.

9.     Plaintiffs were employees engaged in commerce and/or employees in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a)(1).

10.    Defendants were each and all Plaintiffs' employers as that term is defined by 29 U.S.C. §203(d), Md. Code Ann., Lab. & Empl. §§3-401(b) and §3-501(b), and Montgomery Cnty. Code §27-67(b).

## IV.    STATEMENT OF FACTS

11.    Delao worked for Defendants as a prep cook from around March, 2012 until November 12, 2019.

12.    Delao routinely worked from 10:30am until 9:30pm each Monday, Tuesday, Thursday, and Friday, from 9:30am until 9:30pm on Saturdays, and from 9:30 until 9:00pm on Sundays, with two half-hour meal breaks each day.  Delao thus worked a total of around 61.5 hours per week.

13.    Defendants paid Delao $1,100 on the 1st and 16th days of each month at all relevant times until around December 2017.

14.    Defendants paid Delao $1,150 on the 1st and 16th days of each month from around December 2017 until around December 2018.

15.    Defendants paid Delao $1,250 on the 1st and 16th days of each month from around December 2018 until the end of his employment.

16.    Gonzalez worked for Defendants as a prep cook from around May 11, 2019 until

November 12, 2019.

17.    Gonzalez routinely worked from 10:30am until 9:30pm each Monday, Tuesday, Wednesday, and Friday, from 9:30am until 9:30pm on Saturdays, and from 9:30 until 9:00pm on Sundays, with two half-hour meal breaks each day.  Gonzalez thus worked a total of around 61.5 hours per week.

18.    Defendants paid Gonzalez $1,200 on the 1st and 16th days of each month.

19.    Defendants did not pay Plaintiffs at the overtime premium rate of one and one-half times his regular rate for all hours over forty worked in each one-week period.

20.    Defendants had at least 11 but no more than 50 employees at all relevant times.

21.    The Montgomery County, Maryland minimum wage was $10.75 per hour at all relevant times until June 30, 2017.

22.    From July 1, 2017 until June 30, 2018, the Montgomery County minimum wage was $11.50 per hour.

23.    From July 1, 2018 until June 30, 2019, the Montgomery County minimum wage applicable to employers who employ between 11 and 50 employees was $12.00 per hour.

24.    Since July 1, 2019, the Montgomery County minimum wage applicable to employers who employ between 11 and 50 employees is $12.50 per hour.

25.    The Maryland minimum wage was $8.75 per hour at all relevant times until June 30, 2017.

26.    From July 1, 2017 until June 30, 2018, the Maryland minimum wage was $9.25 per hour.

27.    Since July 1, 2018, the Maryland minimum wage is $10.10 per hour.

## V.     COUNT ONE: FLSA AND MWHL OVERTIME VIOLATIONS

28.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

29.     Defendants' failure to pay Plaintiffs wages at the rate of one and one-half times their regular hourly rate for hours worked in excess of forty in each one-week period violates both, 29 U.S.C. §207 and Md. Code Ann., Lab. & Emp. §3-415.

30.     Defendants' failure to pay overtime wages as required by 29 U.S.C. §207 and Md. Code Ann., Lab. & Emp. §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the FLSA and MWHL but did not do so.

31.     As a result of Defendants' unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

## VI.    COUNT TWO: MWHL MINIMUM WAGE VIOLATIONS

32.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

33.     Defendants' failure to pay Plaintiffs at least the Maryland minimum wage for each hour worked violates Md. Code Ann., Lab. & Emp. §3-413(b).

34.     Defendants' failure and refusal to pay Plaintiffs at least the Maryland minimum wage overtime was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the MWHL but did not do so.

35.     As a result of Defendants' unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

## VII.   COUNT THREE: MCMWL MINIMUM WAGE VIOLATIONS

36.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

37.     Defendants' failure to pay Plaintiffs at least the Montgomery County, Maryland minimum wage for each hour worked violates Montgomery County Code §27-68.

38.     Defendants' failure to pay minimum wages as required by Montgomery County Code §27-68 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay in accordance with the Montgomery County minimum wage but did not do so.

39.     As a result of Defendants' unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

## VII.   COUNT FOUR: MWPCL WAGE PAYMENT VIOLATIONS

40.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

41.     Defendants' failure to pay Plaintiffs all wages due for the work Plaintiffs performed violates Md. Code Ann., Lab. & Emp. §§3-501 *et seq*.

42.     Defendants' failure to pay all wages due to Plaintiffs as required by the MWPCL was not a result of a *bona fide* dispute.

43.     As a result of Defendants' unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

6

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1.       Order Defendants to pay to Plaintiffs all wages owed, consistent with the Fair

Labor Standards Act, Maryland Wage and Hour Law, Montgomery County Minimum Wage

Law, and Maryland Wage Payment and Collection Law;

2.       Award Plaintiffs liquidated damages for all wages owed pursuant to 29 U.S.C.

§216(b) and Md. Code Ann., Lab. & Emp. §3-427(a)(2);

3.       Award Plaintiffs punitive (treble) damages for all wages owed pursuant to Md.

Code Ann., Lab. & Emp. §3-507.2(b);

4.       Award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216

and Md. Code Ann., Lab. & Emp. §§ 3-427(a)(3) and 3-507.2(b);

5.       Award Plaintiffs pre-judgment and post-judgment interest; and

6.       Award Plaintiffs such other legal and equitable relief as the Court deems

appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (Bar No. 20284)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*